IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Case No. 2:05-CR-0056 |
| Plaintiff, : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | |
| TAMI LOCKLEAR, : | |
| : | |
| Defendant. : | |

## OPINION & ORDER

### I. INTRODUCTION

This matter is before the Court on Defendant Tami Locklear's Motion to Expunge. The Government opposes Defendant's request. For the reasons stated herein, Ms. Locklear's Motion to Expunge is **DENIED**.

### II. BACKGROUND

On March 17, 2005, Defendant was indicted, along with several others, for conspiracy to distribute over five grams of cocaine base (or "crack") in violation of 21 U.S.C. § 846 and for distribution of over five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(iii), and 18 U.S.C. §2. On September 2, 2005 the Government moved to dismiss the indictment as it pertained to Ms. Locklear, stating that such a dismissal would be "in the interest of justice." (Doc. 128) The Government has nowhere conceded Ms. Locklear's innocence. On the Government's motion, the Court dismissed Defendant Locklear on September 7, 2005. (Doc. 129)

Defendant has now written a letter to the Court, requesting the Court to expunge the record of her arrest and indictment because the record is making it difficult for Defendant to

obtain employment. The Court construes Defendant's letter, written without assistance of counsel, as a Motion to Expunge. The Government opposes the Motion, contending that since the arrest and indictment were legal, and because any inconvenience to Defendant caused by the indictment does not outweigh the Government's interest in maintaining accurate records.

## III. LAW AND ANALYSIS

### A. Jurisdiction

This Court has equitable jurisdiction to "order the expungement of a record in an appropriate case." *United States v. Carey*, 602 F.3d 738, 740 (6th Cir. 2010) (quoting *United States v. Doe*, 556 F.2d 391 (6th Cir. 1977)). As this Court explained recently, there is a dispute in the Sixth Circuit as to whether a district court has ancillary jurisdiction over expungement motions owing to varying interpretations of *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994). *See e.g., United States v. Altomare*, No. 3-CR-151 slip op. at *5 (S.D. Ohio Dec. 15, 2011); *United States v. Johnson*, No. 6-CR-261 2012 WL 2135627, at *3 (S.D. Ohio Jun. 12, 2010) (citing *United States v. Lucido*, 612 F.3d 871, 877-78 (6th Cir. 2010)).

For the reasons stated in *Altomare* and *Johnson*, and relying once again on Chief Judge Batchelder's *Lucido* dissent, the Court finds it possesses inherent equitable powers to hear Defendant's Motion to Expunge. *Altomare*, No. 3-CR-151 slip op. at *5; *Johnson*, 2012 WL 2135627, at *3.

### B. Expungement

Ordinarily, records of valid arrest and indictment may not be expunged even if charges are later dismissed. *United States v. Flagg*, 178 F.Supp.2d 903, 905 (S.D. Ohio 2001) (citing *United States v. Schnitzer*, 567 F.2d 536, 540 (2d Cir. 1977)). The Government has an interest in maintaining accurate records of arrest and indictment because they "have independent legal

2

significance because they show the existence of probable cause to believe that a defendant committed a crime, regardless of whether the defendant is ultimately convicted." *Id.*

There are four exceptions to this general rule. First, courts may grant motions to expunge where there is a statute expressly authorizing expungement. *Id.* Second, if the arrest or indictment was constitutionally infirm, the court may expunge the record. *Id.* at 906, (citing *Sealed Appellant v. Sealed Appellee*, 103 F.3d 695 (5th Cir. 1997)). To show constitutional infirmity, a defendant must demonstrate that the arrest (or indictment) was unlawful, that it was based on a statute that was later declared unconstitutional, or that it was executed for the purposes of harassment or intimidation. *Id.* Third, if the Government dismisses the charges against the defendant *and concedes that the defendant is innocent* of those charges, the records may be expunged. *Id.* The Government's mere dismissal of charges, without more, does not constitute a concession of innocence. *Id.*

Fourth and finally, if a defendant can demonstrate extraordinary circumstances that outweigh the government's interest in maintaining accurate and complete arrest and indictment records, the record may be expunged. *See United States v. Miller*, No. 2:93–CR–6, 2009 WL 1441464 at *2 (S.D. Ohio May 20, 2009). Multiple courts in the Sixth Circuit have held that difficulty obtaining employment, without more, is not an extraordinary circumstance sufficient to outweigh the government's interest in maintaining complete records. See *United States v. Robinson*, No, 94-1945, 1996 WL 107129 at *2 (6th Cir. Mar. 8, 1996); *Cline v. United States*, No. 2:93–CR–00094, 2009 WL 2475264 at *1 (S.D. Ohio Aug. 12, 2009); *Miller*, 2009 WL 1441464 at *3; *United States v. Wiley*, 89 F. Supp.2d 909, 911 (S.D. Ohio 1999).

There is no question that Defendant's Motion does not satisfy any of the first three exceptions to the general rule prohibiting expungement. There is no statute that explicitly

3

authorizes expungement under these circumstances. There is no evidence before the Court that suggests Defendant's arrest or indictment were constitutionally infirm, were based on a statute that was later declared unconstitutional, or were executed for the purpose of harassment or intimidation. While the Government dismissed the indictment as it pertained to Defendant, it has not conceded her innocence, so the dismissal alone is insufficient to warrant expungement.

The sole remaining ground for considering expungement is some extraordinary circumstance. Defendant's Motion does not, however, demonstrate an extraordinary circumstance sufficient to warrant expungement. She asserts only that records of her arrest and indictment have made it difficult for her to obtain employment. As stated above, courts in the Sixth Circuit have repeatedly found that difficulty obtaining employment, without more, is not an extraordinary circumstance warranting expungement.

Since Defendant has failed to demonstrate her Motion to Expunge satisfies any of the four grounds for expungement, Defendant's Motion is **DENIED.**

**IT IS SO ORDERED.**

                          **s/ Algenon L. Marbley**
                          **ALGENON L. MARBLEY**
                          **UNITED STATES DISTRICT JUDGE**

**DATED: April 1, 2013**